[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10799
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00254-JEC-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MARADIAGA-LARIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 5, 2013)

Before JORDAN, DUBINA, and FAY, Circuit Judges.

PER CURIAM:

Carlos Maradiaga-Larios appeals his 32-month sentence, imposed after he pled guilty to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Maradiaga-Larios asserts that, in calculating his Sentencing Guidelines range, his prior misdemeanor-battery offense was improperly considered an aggravated felony, based solely on the technical wording of the trial judge's judgment; he further contends he was subject to disparate treatment compared to similarly situated individuals.  Additionally, Maradiaga-Larios argues his sentence does not account for the two months he spent in immigration custody.

We review de novo the definition of an aggravated felony in U.S.S.G. § 2L1.2.  *United States v. Ayala-Gomez*, 255 F.3d 1314, 1316 (11th Cir. 2001).  We review the reasonableness of a sentence deferentially for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).

"If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for an aggravated felony," he receives an eight-level increase to his offense level.  U.S.S.G. § 2L1.2(b)(1)(C).  The term "aggravated felony" means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another" for which the term of imprisonment is at least one year.  *Id.* § 2L1.2, cmt. n.3(A); 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. § 16(a).  The "term of imprisonment" includes parts of the sentence probated by the trial court under Georgia law.  *Ayala-Gomez*,

2

255 F.3d at 1319 (holding that, although the defendant's five-year sentence of imprisonment was probated to eight months of imprisonment and four years and four months of probation, the sentence properly was treated as a five-year sentence for the purpose of being considered an aggravated felony under U.S.S.G. § 2L1.2(b)).

The substantive reasonableness of a sentence is determined in light of the totality of the circumstances; we will not vacate a sentence as substantively unreasonable, unless we are left with the definite and firm conviction that the district judge clearly erred in weighing the 18 U.S.C. § 3553(a) factors and imposed a sentence outside the range of reasonable sentences. *United States v. Turner*, 626 F.3d 566, 571 n.2, 573 (11th Cir. 2010). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *Id.* at 573.

The district judge is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the district judge also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the

3

kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, and the need to provide restitution to victims. *Id.* § 3553(a)(1),(3)-(5) and (7). The district judge must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6). A defendant, however, does not show unwarranted sentencing disparities when he does not identify similarly situated defendants, who received substantially different sentences. *United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009).

The judge does not have to discuss each § 3553(a) factor explicitly. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "An acknowledgement the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* We will defer to the district judge's judgment regarding the weight given to the § 3553(a) factors, unless the judge made a clear error and "imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (citation and internal quotation marks omitted). Ordinarily, we expect a sentence within the Guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The district judge did not err in treating Maradiaga-Larios's prior battery conviction as an aggravated felony under U.S.S.G. § 2L1.2. *See Ayala-Gomez*, 255 F.3d at 1316. The portion of his sentence that was probated under Georgia law

4

comprised part of the "term of imprisonment"; therefore, his sentence of 12 months for battery constituted an aggravated felony. *See id.* at 1319. The judge considered the totality of circumstances, including Maradiaga-Larios's disparity arguments, and found his criminal history warranted a sentence within the Guidelines range rather than below it. Maradiaga-Larios failed to identify any similarly situated defendants, who received substantially lower sentences than his sentence. Instead, he offered only hypothetical examples; accordingly, he did not show an unwarranted sentence. *See Sporeke*, 568 F.3d at 1252. The district judge also did not err in crediting Maradiaga-Larios with only five weeks toward his sentence for the time he spent in immigration custody.

Maradiaga-Larios's sentence is well below the statutory maximum; we defer to the district judge's weighing of the § 3553(a) factors, in the absence of any clear error in judgment. *Gonzalez*, 550 F.3d at 1324. Accordingly, we affirm Maradiaga-Larios's 32-month sentence as substantively reasonable.

**AFFIRMED.**